UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDI R. MULLINEX, | ) |
| | ) No. CV-05-3046-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND REMANDING FOR AN IMMEDIATE |
| JO ANNE B. BARNHART, | ) AWARD OF BENEFITS |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 17, 19) submitted for disposition without oral argument on March 20, 2006. Attorney Thomas A. Bothwell represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for an immediate award of benefits.

Plaintiff, 46-years-old at the time of the initial administrative hearing and 49-years-old at the second administrative hearing, completed high school and had past work experience as a movie projectionist and waitress. Plaintiff filed an application for Supplemental Security Income (SSI) benefits on December 17,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 1

1999, alleging disability as of July 1, 1986, due to neck and back pain and tendinitis in the arms. (Tr. at 14, 15.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Verrell Dethloff (ALJ). In March 2002, the ALJ denied benefits; review was denied by the Appeals Council. Plaintiff filed for judicial review and the parties stipulated to a remand for further administrative proceedings, including consideration of medication side effects. A supplemental administrative hearing was held on June 23, 2004, before ALJ Ruperta Alexis. The ALJ denied benefits; the Appeals Council denied review. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

ALJ Alexis concluded Plaintiff had not engaged in substantial gainful activity and suffered from severe impairments, including fibromyalgia and status post cervical fusion, but those impairments did not meet the Listings. (Tr. at 303.) Plaintiff's testimony was not found fully credible. The ALJ found she had a residual capacity for a full range of light work with additional limitations in feeling, bending and range of motion of the head, and work which does not require more than simple repetitive tasks. Based on the testimony of a vocational expert, the ALJ concluded Plaintiff could perform other work which exists in significant numbers in the national economy, including cashier, change account clerk, and telephone quote. (Tr. at 304.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 2

whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when she (1) improperly rejected the opinions of the treating physician, Dr. Daniels; and (2) failed to consider the side effects of prescribed medications; and (3) failed to properly reject the Plaintiff's testimony.  Finding the first two issues dispositive, the court does not address the third.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff contends the ALJ improperly rejected the opinions of the treating physician in favor of the opinion of the consulting physician under the "clear and convincing" standard. Plaintiff relies on the opinion of Dr. David Daniels, who treated Plaintiff for ten years or longer as reflected in the 106 pages of records, chart notes and evaluations. Dr. Daniels also opined Plaintiff was disabled based on limitations resulting from pain and fatigue associated with fibromyalgia, cervical disc disease and depression. (Tr. at 154, 166, 260.) Defendant responds the ALJ correctly rejected the findings by Dr. Daniels as they were inconsistent with his chart notes and were based in part on Plaintiff's subjective report.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 4

and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques, unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604. Here, it is undisputed Plaintiff suffers from residuals post-cervical surgery, degenerative disk disease at L4-5, L5-S1, and fibromyalgia. These

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 5

findings are supported by objective tests, (MRI findings and the presence of pain bilaterally at 18 trigger points). (Tr. at 221, 228, 257, 274, 325.) Thus, the ALJ was required to reject Dr. Daniel's opinion with clear and convincing evidence.

In her opinion, the ALJ made the following comments with respect to Dr. Daniels' opinion:

> Neither treating doctor has restricted the claimant's activities to the degree that she alleges. . . .
>
> In accordance with Social Security Ruling 96-2p, I have evaluated medical opinions concerning when treating source medical opinions are entitled to controlling weight. Controlling weight may be given, only in appropriate circumstances, to medical opinions. In this case, at Exhibits 25F and AC-2/1-4, Dr. Daniels opined that the claimant was not even capable of performing sedentary work on a part time basis due to fibromyalgia and cervical disc disease. The claimant has pain essentially controlled with medications. Since the neck surgery, she has only required conservative management. There is no indication that she requires more aggressive treatment such as additional surgery or treatment at a pain management clinic. She alleges significant problems related to anxiety and depression but has not even been referred to a mental health clinic. The severity of limitations assessed by Dr. Daniels is not supported by any chart notes and inconsistent with the claimant's description of daily activities. I also considered Dr. Daniel's opinion at Exhibit 21F and afford it no weight as the opinion is based on the claimant's analysis of her employability and not her treating physicians. The objective evidence simply does not substantiate her allegation that her "spine does not let her move around to a job." I find that Dr. Daniel's opinion is not well supported and inconsistent with the other substantial evidence in the case record; therefore, controlling weight is not given to his opinion as a treating source.

(Tr. at 301.)

The ALJ stated Dr. Daniel's opinion of full disability was not supported by chart notes and was inconsistent with the report of Plaintiff's daily activities. Plaintiff was treated surgically for her cervical condition in March 2000 by neurosurgeon Dr. Michael Thomas. (Tr. at 172.) Her cervical condition resolved immediately

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 6

following, but flared again May 2000. (Tr. at 221.) Physical therapy assisted and Plaintiff was released from Dr. Thomas' care. She returned to him for consultation in June 2000 complaining of left lower extremity pain and weakness in her left foot. (Tr. at 221.) Dr. Thomas' interpreted an MRI to indicate a herniated disk at L4-5 compressing the nerve at L-5. (Tr. at 237.) Plaintiff advised she wished to try additional physical therapy before considering surgery. Vicoden and Tylenol were used for pain control. Dr. Daniels at this time opined Plaintiff was disabled because she was unable to sit, stand or walk for any length of time and would remain so until her back condition resolved. (Tr. at 264.)

In February 2001, Dr. Thomas advised Plaintiff's condition was not amenable to surgery and suggested her symptoms were due to fibromyalgia. (Tr. at 274.) Dr. Daniels concurred with the diagnosis that same month. (Tr. at 257.) He reiterated in March 2001 that Plaintiff was unable to work. (Tr. at 255.) In May 2001, Plaintiff reported she was suffering from severe pain after washing the car and mowing the lawn. (Tr. at 252.) Her pain was not responding to medication; the prescription was increased to 100 mg of MS Contin along with Vicoden and neurontin. (Tr. at 252.) Morphine was added to the mix during the summer of 2001. (Tr. at 266.) In November 2001, Dr. Daniels noted Plaintiff was permanently disabled due to the pain and fatigue caused by fibromyalgia. The use of Morphine and Vicoden, begun in 2001, continued through 2002, 2003 and 2004; the cocktail made her pain bearable but did not restore her ability to function. (Tr. at 265.) In 2002, Dr. Daniels charted multiple trigger points, bilateral, all 18 points.

(Tr. at 355.)  In March 2003, Dr. Daniels noted the fibromyalgia was severe and documented by multiple trigger points through the trunk, arms, and lumbar spine.  (Tr. at 325.)  Although the ALJ relied on conservative treatment, it is noted fibromyalgia is not an impairment susceptible to surgical treatment.  Additionally, Plaintiff was treated with a narcotic pain cocktail that required adjustment as the condition progressed.  Finally, the ALJ did not consider all of the side effects of the pain medication, including chronic fatigue.  Thus, the ALJ's finding Dr. Daniels' opinion was inconsistent with his chart notes is not supported by the medical record, and the opinion is entitled to be credited as a matter of law.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  The ALJ also concluded Plaintiff's daily activities were not consistent with disability, noting Plaintiff did housework, including laundry, cooking, shopping for groceries; drove; ran errands; did minor yard work and cared for three dogs.  (Tr. at 300.)  However, the testimony also indicated Plaintiff did those activities with increased accommodation as the years passed:  her daughter assisted with shopping, she did housework in short bursts (as described in 1999 prior to the onset of fibromyalgia and low back pain with reduced activities described in 2000), and complained of severe pain after washing the car and mowing a small yard.  (Tr. at 110, 140, 252.)  She was able to feed her dogs without lifting heavy bags of dog food and drove only short distances.  (Tr. at 379, 384-389, 396, 399.)  "The mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from h[is] credibility as to h[is] overall disability." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004), quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 8

(9th Cir. 2001).

Case law requires an immediate award of benefits when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000), citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The court has some flexibility in determining whether to remand for an immediate award of benefits or for additional administrative proceedings. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003). Here, the record is complete and no purpose would be served by remand. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED;** the captioned matter is remanded for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **DENIED.**

3. Any application for attorney fees shall be made by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED March 24, 2006.

NTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 9